TERRY, Appellant,

v.

TERRY, Appellee.

[Cite as *Terry v. Terry* (1994), 99 Ohio App.3d 228.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65841.

Decided Dec. 19, 1994.

PATTON, Presiding Judge.

The domestic relations court granted appellant-wife Donna Terry and appellee-husband David Terry a divorce. The wife appeals and sets forth two assignments

of error which challenge (1) the award of spousal support and (2) the division of marital assets.

A referee conducted a hearing and issued findings of fact and conclusions of law. The parties lived together as husband and wife for over twenty-five years. They stipulated grounds for divorce as having lived separate and apart for more than one year. There were no minor children as issue of the marriage.

The husband ran Allstate Mechanical, Inc., a plumbing and general contracting concern. During the marriage, the parties accumulated various commercial and residential properties. The parties stipulated the value of all but three of these properties: an office building, a shopping plaza, and Allstate Mechanical. The referee assigned values to the disputed properties after hearing expert testimony as to the value of the properties. Those valuations are not at issue in this appeal.

The referee awarded plaintiff the following assets: $35,000 in household furnishings; $137,143 in cash, savings, and life insurance; a one-half interest in the husband's union retirement fund; a one-half interest in the proceeds from the sale of the development company, worth a minimum of $300,000 to the wife; undeveloped property worth $286,000, but giving the husband a conditional first option to purchase the property for $300,000; and a cash payment of $60,000. The referee further ordered the husband to indemnify the wife and hold her harmless on any liability for her personal guarantee made on loans to Allstate Mechanical and a $180,000 personal loan.

The husband received as marital property the shopping plaza, the office building and all the stock of Allstate Mechanical. Additionally, he received cash and life insurance of approximately $28,000.

I

The first assignment of error is the court erred by failing to take into consideration R.C. 3105.171 in its distribution of the marital assets. The wife argues the court erred by (a) awarding the wife mortgaged properties in Ohio and Florida, (b) limiting spousal support to seven years, (c) giving the husband assets with growth potential, and (d) commingling spousal support with the division of marital assets.

R.C. 3105.171 provides the statutory framework for division of marital property. The statute directs the court to divide marital property equally, unless an equal division would be inequitable. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court is required to consider the factors set forth in R.C. 3105.171(F).

■ The trial court has broad discretion when dividing marital property. *Berish v. Berish* (1982), 69 Ohio St.2d 318, 319, 23 O.O.3d 296, 297, 432 N.E.2d 183, 184. There are no set rules for determining the division of marital property. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. A trial court has the discretion to do what is equitable under the facts of each case. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 9 OBR 529, 459 N.E.2d 896. The scope of our review is limited to a determination whether the trial court abused its discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 481, 450 N.E.2d 1140, 1141; *Martin v. Martin* (1985), 18 Ohio St.3d 292, 18 OBR 342, 480 N.E.2d 1112.

## A

The court awarded the wife the Ohio marital residence and a townhouse in Florida. The residence has a fair market value of $260,000 and a mortgage of $149,555. The Florida townhouse has a fair market value of $100,000 and a mortgage of $42,750. According to the husband, the Florida property has a rental value of $10,000 to $13,000 per year.

■ We find no abuse of discretion in awarding the wife mortgaged residences. Initially, we note that the parties stipulated prior to trial that the wife should receive the family home. Consequently, she cannot be heard to complain that the court abused its discretion by accepting that stipulation.

■ Moreover, the property award included the potential of nearly $600,000 in cash payments over the next five years. These funds should be more than adequate to cover approximately $200,000 in mortgage liabilities. Our review convinces us that the referee properly considered the factors set forth in R.C. 3105.171(F). We find no abuse of discretion in awarding the wife mortgaged residences.

## B

■ The wife next argues that the court abused its discretion by limiting spousal support to a term of seven years. As she notes later in this assignment of error, the trial court is prohibited from considering spousal support when dividing the marital assets. See R.C. 3105.171(C)(3). We address specific arguments concerning spousal support in the second assignment of error. To the extent the wife urges us to find error in the court's failure to consider spousal support as part of the division of marital assets, we find no abuse of discretion.

## C

The wife further contends that the court abused its discretion by giving the husband the shopping plaza, the office building and the family business. She apparently maintains that awarding these assets may upset the equal division of the marital assets since the husband's assets have the potential to grow significantly beyond the value assigned to them by the referee.

The assets awarded to the husband may potentially increase in value; but, as with any business venture, the growth of the asset is far from assured. Our experience tells us the success of any entrepreneurial venture depends in large measure on the skills of the person promoting the venture. The referee found that the husband had developed the shopping plaza in an orderly fashion, and that allowing another person to develop the unimproved property near the shopping plaza might hurt the established businesses. This is an appropriate consideration under R.C. 3105.171(F)(5).

The referee also noted that Allstate Mechanical is the main tenant of the office building, occupying seventy-three percent of the warehouse space and nearly eleven percent of the office space. Hence, the success of the office building is linked to the performance of Allstate Mechanical.

The experts valuing Allstate Mechanical gave widely divergent opinions of the company's worth. The referee noted the difficulty in assigning a value, based on the discrepancy in the expert opinion. After taking into consideration a $180,000 loan the business had recently obtained, along with debts of nearly $600,000, the referee valued the company at $300,000. The husband testified that business had been poor for several years and he had considered filing for bankruptcy. If Allstate Mechanical were to fail, the husband's investment in the office building would presumably fail as well. While the building might appreciate in value, appreciation of the asset is by no means certain, given the financial condition of Allstate Mechanical. See *Focke v. Focke* (1992), 83 Ohio App.3d 552, 557, 615 N.E.2d 327, 330.

If the assets awarded to the husband are to grow in value, it will most likely be a result of his experience in dealing with the investments. The wife did not demonstrate a similar experience with the assets. We further note that her award is essentially insulated from the risk inherent in the husband's assets. These too are proper considerations under R.C. 3105.171(F)(4). See, also, *Focke v. Focke, supra.* Under the circumstances, we believe the trial court did not abuse its discretion by adopting the referee's findings and fashioning a division of marital property that awarded the wife a sum certain in cash and real estate. *Berish v. Berish, supra.*

## D

Finally, the wife maintains that the trial court commingled the property award with the spousal support award in an attempt to link the residential real estate awarded to the wife to the length of the spousal support. We find no basis in the record to support this assertion, nor does the wife direct us to any evidence of commingling. The referee's report specifically states that the division of marital assets has been made prior to and without regard to any recommended award of spousal support. See R.C. 3105.171(C)(3). Absent proof to the contrary, we cannot conclude that the trial court abused its discretion by adopting the referee's recommendations for division of marital property. The first assignment of error is overruled.

## II

The second assignment of error is that the court erred in failing to comply with R.C. 3105.18 in its limited award of spousal support to the wife. The court order requires the husband to pay spousal support for a period of seven years, under the following payment schedule: $4,808 per month for the first two years, $3,060 per month for the next three years, and $2,040 per month for the final two years. The wife argues that the court's limited award is inadequate since it fails to consider that her mental and physical conditions limit her earning ability.

Alimony comprises two components: a division of marital assets and liabilities, and periodic payments for sustenance and support. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 95, 518 N.E.2d 1197, 1200; *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83, 86. The court has equitable authority to divide and distribute the marital estate, and then consider whether an award of sustenance alimony would be appropriate. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597. The trial court has broad, but not unfettered, discretion in deciding what is equitable under the circumstances. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 322, 421 N.E.2d 1293, 1298. The trial court must set forth a factual basis or rationale which supports the award of spousal support. *Kaechele, supra,* at paragraph two of the syllabus; *Moro v. Moro* (1990), 68 Ohio App.3d 630, 635, 589 N.E.2d 416, 419. This court cannot substitute its judgment for that of the trial court unless, under the totality of the circumstances, the trial court abused its discretion. *Holcomb, supra,* 44 Ohio St.3d at 131, 541 N.E.2d at 599.

The trial court derives its authority to award spousal support from R.C. 3105.18, which sets forth numerous factors the court must consider when asked to provide spousal support. Among those factors are the respective earning abilities of the parties, the relative assets and liabilities of the parties, the standard of

living enjoyed by the parties, and the time and expense necessary for the spouse who is seeking spousal support to acquire education, training and experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training or job experience, and employment is, in fact, sought. See R.C. 3105.18(C)(1).

## A

■ The referee found that the husband's income from all sources should exceed $100,000 per year. The wife, age forty-eight at the time of trial, earned a master's degree in counseling and human services in August 1991. She is currently licensed to work as a social worker under the direction of a licensed psychologist or medical doctor, but has expressed an intention to pursue a doctorate in psychology. Her plans for further study have been placed on hold, however, pending her treatment for various physical disorders and depression. The referee found the wife could obtain work as a social worker, and reasonably anticipate earning $15,000 to $20,000 in two years.

The wife argues that she cannot immediately make the transition from being a homemaker to a self-supporting worker. The record, however, indicates that the wife is not without the education or skills needed to enter the job market. She recently earned a graduate degree and has maintained her certification through continuing education classes. Were she to pursue a four-year course for a doctorate, the spousal support payments would continue for three years after completion of the degree and supplement her income. Although the wife maintains that she has physical and mental infirmities that currently limit her ability to pursue a career, she presented no medical evidence to support that assertion. Without such evidence, the trial court could reasonably conclude that a seven-year period of continuing support constitutes a sufficient transitional period in which the wife could resolve her personal problems and re-enter the job market. See *Kunkle v. Kunkle, supra,* at paragraph one of the syllabus.

## B

■ The wife listed her monthly expenses as $7,627, although the referee found that many of those expenses were estimated. At trial, the wife testified that she based her estimate of expenses on what she thought she would need to pay in the future, not on what she currently incurred. For example, the wife listed educational expenses of $400 per month while at the same time stating she had no present intention to complete her studies. She also listed home repair costs of $400 monthly for her four-year-old home, while admitting those costs were anticipated.

The trial court did not abuse its discretion by adopting the referee's recommendation that the wife receive less spousal support than she requested. Since some of the wife's expenses were speculative, the court properly exercised its discretion to limit spousal support to definite expenses. Moreover, the court apparently found that the wife's need for extended support eased considerably with the expected $250,000 in proceeds from the sale of the Prospect Development Company.

The referee's report makes full reference to the statutory factors set forth in R.C. 3105.18. While the award of spousal support terminates after seven years, it offers the wife sufficient opportunity to finish her education or enter the job market. Moreover, the need for spousal support is diminished in light of the anticipated proceeds from the ordered sale of the development company. The trial court did not abuse its discretion in adopting the report and recommendations of the referee. The second assignment of error is overruled.

*Judgment affirmed.*

NUGENT and DYKE, JJ., concur.