JOURNAL ENTRY AND OPINION
Third party defendant Henry Earl Yanish ("Intervenor" or "father") appeals from the judgment of the domestic relations court which determined that Tina Marie Yanish ("plaintiff" or "daughter-in-law") and Henry Frank Yanish ("defendant" or "son") both have a 25 per cent interest, valued at $24,500, in a parcel of property titled in all of their names. For the reasons set forth below, we reverse the judgment of the trial court insofar as it assigned a monetary value to plaintiff's and defendant's interests in this property.
On December 13, 1995, plaintiff (n.k.a. Tina Marie Moore) filed for divorce against defendant. Within her complaint, plaintiff alleged that she and defendant were the owners of property located at 15156 Prospect Road in Strongsville. Defendant denied this allegation of the complaint.
On March 19, 1996, defendant's father filed a motion to intervene in the action in which he asserted that he "is a co-owner of the real estate owned by the Plaintiff and the Defendant in this action." Intervenor also alleged that plaintiff and defendant were indebted to him in the amount of $82,754.66 as the result of two written contracts involving payment for this property. The first contract discusses a conditional gift of $8,500 from Intervenor to plaintiff and defendant for the down payment of their marital home. The second contract indicates that father, son and daughter-in-law would each be listed as owners of the property, that Intervenor would make mortgage payments on the parcel from time to time, and that after the mortgage was paid, and after plaintiff and defendant repaid Intervenor, his name would be removed from the deed of the property.
The parties subsequently debated the jurisdiction of the domestic relations court to hear Intervenor's claims. On October 1, 1997, the matter[1] came on for hearing before a referee. At this time, counsel for Intervenor stated:
 Our position is that the court does not have any jurisdiction to order Mr. Yanish in any particular way whatsoever concerning his interest in the real estate.
 The court has the right to determine the interest that these two being Henry Frank Yanish and Tina Marie Moor have as between themselves any potential interest that they may have in the real estate, that the court has jurisdiction to determine.
 Our position is that the court does not have jurisdiction over Henry Earl Yanish * * * the Motion to Intervene was filed saying he had an interest owed to him and some money. That is completely the subject of the breach of contract claim, other than that, there is no interest being in this particular court on behalf of Plaintiff Yanish.
(Tr. 13)
Thereafter, the parties entered into the following stipulation:
 As and for their stipulated 25% interest in the former marital residence, the Plaintiff and Defendant are each awarded a judgment against third party plaintiff, Frank Earl Yanish, in the amount of $24,500.00. Enforcement of said judgments is stayed until the conclusion of the claim transferred to the General Division, sale of the real estate at 15156 Prospect Road, Strongsville, Ohio, or 18 months from entry of judgment herein.
(Tr. 16). Later, the referee ascertained that the parties understood the effect of the stipulation.
Plaintiff presented evidence that in 1991, the property was purchased for $85,000. In 1996, the property was appraised, by joint agreement of the parties, for $98,000.
The referee subsequently recommended that pursuant to the deed and stipulations of the parties, Intervenor owns a 50 percent interest in the property, and plaintiff and defendant both own a 25 per cent interest, valued at $24,500.
This recommendation was adopted by the domestic relations court which valued the 25 per cent interest at $24,500. The domestic relations court also transferred Intervenor's breach of contract claims to the General Division of the Court of Common Pleas. Intervenor now appeals and assigns two interrelated errors for our review.
Intervenor's assignments of error state:
 THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING PLAINTIFF AND DEFENDANT EACH A $24,500.00 JUDGMENT AGAINST THIRD PARTY PLAINTIFF/APPELLANT, HENRY EARL YANISH, IN REGARD TO THE REAL PROPERTY LOCATED AT 15156 PROSPECT ROAD, STRONGSVILLE, OHIO, WHEN PRIOR TO HEARING, THE TRIAL COURT HAD PROPERLY TRANSFERRED ALL CONTRACT CLAIMS REGARDING SAID PROPERTY TO THE GENERAL DIVISION OF THE COURT OF COMMON PLEAS, CUYAHOGA COUNTY, OHIO.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN AWARDING A JUDGMENT AGAINST THE THIRD PARTY PLAINTIFF/APPELLANT, HENRY EARL YANISH, IN FAVOR OF PLAINTIFF AND DEFENDANT, AS THE TRIAL COURT ACTED BEYOND ITS DEFINED POWER OF AUTHORITY ON RULING ON A QUESTION OVER WHICH IT DID NOT HAVE THE POWER TO DEAL, AS IT HAD TRANSFERRED THAT MATTER TO THE GENERAL DIVISION, COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, OHIO.
Within these assignments of error, Intervenor asserts that the trial court erred in awarding plaintiff and defendant monetary interests in the Strongsville property and further asserts that this issue is within the jurisdiction of the General Division of the Court of Common Pleas.
As an initial matter, this court has held that where the parties enter into a stipulation, the trial court does not err in adopting that stipulation. Terry v. Terry (1994) 99 Ohio App.3d 228,232.
Moreover, in a divorce proceeding, a domestic relations court has the full equitable powers and jurisdiction appropriate to the determination of all domestic matters. See R.C. 3105.011. Specifically, a domestic relations court has the jurisdiction to equitably divide "all property in which one or both spouses have an interest." See R.C. 3105.171(B). Thus, a domestic relations court that determines an action for divorce is required by R.C.3105.171(B) to order the parties' marital property divided equitably between them. Langer v. Langer (1997), 123 Ohio App.3d 348,353.
In relevant part, this statute provides:
 (3) (a) "Marital property" means, subject to division (A) (3) (b) of this section, all of the following:
 (i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 (ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 (b) "Marital property" does not include any separate property.
 (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
 (B) In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest.
Applying all of the foregoing, we note that the parties stipulated that plaintiff and defendant both had 25 percent ownership interests in the Strongsville property which was their marital residence. The domestic relations court therefore had jurisdiction to equitably divide that property.
As to Intervenor's objection to the fact that the domestic relations court assigned a value of $24,500 to plaintiff's and defendant's 25 percent interests, the record is clear that the parties agreed to a joint appraisal of the property and that this document, admitted into evidence, indicates that the property had an appraised value of $98,000. The domestic relations court then adopted this figure in computing the value of the plaintiff's and defendant's 25 percent interests. This finding indicates the preliminary value of the asset and was fully supported by the evidence.
In our view, however, Intervenor's claims for breach of contract actually assert that plaintiff and defendant have a marital debt and that he is the creditor of such debt. The monetary value of the asset therefore cannot be ascertained with finality until the amount of the marital debt, if any, is computed in connection with the breach of contract claims. We therefore conclude that the domestic relations court erred insofar as it has, at this time, assigned a monetary value to the parties' interest in the Strongsville Property.
After the breach of contract claims are determined, the domestic relations court must consider the marital debt aspect of these claims and then allocate responsibility for it in relation to the plaintiff's and defendant's 25 percent interest in this asset. See, e.g., Barkley v. Barkley (1997), 119 Ohio App.3d 155,170, (trial court was required to take into consideration marital debt arising out of home equity line of credit on wife's residence before dividing marital assets, and its failure to do so was arbitrary, unreasonable, and constituted abuse of discretion)
The matter must therefore be reversed insofar as the domestic relations court has, at this time, assigned a monetary value to the plaintiff's and defendant's interests in the Strongsville property.
The assignments of error are well-taken.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., CONCURS O'DONNELL, J., CONCURS WITH ATTACHEDCONCURRING OPINION
 ___________________________________ ANN DYKE PRESIDING JUDGE
[1] Various other matters were also addressed in this hearing but this appeal focuses exclusively upon the lower court's decision as it relates to the Prospect Road property.