OPINION
Defendant-Appellant/Cross Appellee [hereinafter Appellant] Mary McLeod appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which terminated the marriage between Appellant and Plaintiff-Appellee/Cross Appellant [hereinafter Appellee] Steven E. McLeod, established spousal support and divided the marital assets between the parties.
 STATEMENT OF THE FACTS AND CASE
The parties were married on August 20, 1985. The Appellee, Steven E. McLeod, filed a petition for divorce from the Appellant, Mary McLeod, on December 15, 1998.
On January 12, 1999, a hearing was held on the parties' request for temporary orders. Appellee was ordered to pay temporary support in the amount of $450.63 per month. However, Appellee failed to pay in accordance with the court's order, resulting in an arrearage.
At the trial, held on August 18, 1999, testimony revealed that on August 31, 1993, Appellee had retired from military service after 20 years of service. Appellee was receiving gross pension benefits in the monthly amount of $1,047.00. Appellee was employed, as well, earning approximately $36,000.00 per year in addition to his pension benefits. The Appellant did not have any retirement benefits. Appellant was then earning roughly $19,000.00 per year.
The Judgment Entry, filed September 8, 1999, awarded the military pension benefits exclusively to Appellee. Further, the Judgment Entry did not address the spousal support arrearage that had accrued prior to the effective date of the decree.
On October 6, 1999, Appellant filed a Notice of Appeal. Subsequently, on October 18, 1999, Appellee filed a Notice of Cross Appeal. However, while Appellant filed a merit brief with this court, Appellee has failed to file any brief or pursue the cross-appeal. Appellant raised the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT JUDGE COMMITTED AN ERROR OF LAW AND/OR ABUSED HIS DISCRETION IN NOT DIVIDING THE VESTED AND MATURED MILITARY PENSION BENEFITS OF THE PLAINTIFF-APPELLEE EQUITABLY AFTER STATING ON THE RECORD THAT DEFENDANT-Appellant WOULD RECEIVE ONE-HALF OF THE MARITAL PORTION OF THE PENSION.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT JUDGE ABUSED HIS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN FAILING TO PRESERVE SPOUSAL SUPPORT ARREARAGE WHICH ACCRUED BEFORE THE FINAL DECREE WHERE THE EVIDENCE ESTABLISHES THE ARREARAGE AND THE MISCONDUCT OF THE OBLIGOR.
 I
Once a divorce has been granted, the trial court is required to divide and distribute the marital estate and afterwards, consider whether an award of sustenance alimony would be appropriate. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 130. Marital property is to be divided equally, unless an equal division would be inequitable. Terry v. Terry (1994), 99 Ohio App.3d 228,231; R.C. 3105.171(C)(1). If an equal division of marital property would be inequitable, the court shall divide the marital property between the spouses in an equitable manner. Id.
The trial court may not consider spousal support when dividing the marital assets. Terry, supra. at 232; R.C. 3105.171(C)(2).
Marital property includes pension or retirement benefits accumulated during a marriage. Erb v. Erb (1996), 75 Ohio St.3d 18,20. "In Ohio, military pensions are treated the same as any other pension." Baker v. Baker (Jan. 19, 1996), Seneca App. No. 13-95-36, unreported, 1996 WL 16888. A trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the results. Erb,supra. at 179.
At the time of trial, the parties had been married for fourteen years. The record reveals that eight of Appellee's 20 years of service in the military were during the marriage. Since a portion of Appellee's pension benefits constituted marital property, accordingly, the trial court was required to divide that property between the parties. The only marital assets other than the pension benefits of Appellee were a van and a Jeep. Both of these vehicles had substantial amounts still owed on them. Therefore, considering that there were no other significant assets with which to offset the value of the pension benefits, we find that to award the pension benefits entirely to Appellee was inequitable[1]. Therefore, we find that the trial court abused its discretion.
Appellant's first assignment of error is sustained.
 II
The record indicates that Appellee was ordered by the trial court to pay temporary spousal support in the amount of $450.63 per month during the pendency of the case. However, payment was not consistent and an arrearage accrued. Appellant presented evidence at the trial demonstrating an arrearage in the amount of $1,184.29.
The Judgment Entry in this case fails to indicate that the arrearage was considered by the trial court when dividing the marital estate. The Ohio Supreme Court, in Colom v. Colom (1979),58 Ohio St.2d 245, stated "[i]n the event that the trial court refuses to include the arrearages in the final order, the moving party would have a right to appeal that issue to the court of appeals."
We find that the trial court abused its discretion when it made no mention of the arrearage in its Judgment Entry.
Appellant's second assignment of error is sustained.
 Steven McLeod's Cross-Appeal
Appellee, Steven McLeod, filed a Notice of Cross-Appeal. However, Appellee has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), we dismiss Appellee Steven McLeod's cross-appeal.
For the reasons stated above, the Judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and remanded back to the trial court for proceedings consistent with this opinion and the Cross Appeal of Steven McLeod is dismissed.
By Reader, V. J., Gwin, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and remanded back to the trial court for proceedings consistent with this opinion. Steven McLeod's cross appeal is hereby dismissed. Costs to Appellee/Cross Appellant.
[1] Our analysis is based solely upon the trial court's Judgment Entry and evidence presented to the trial court. While the trial court's comments at the hearing, held August 18, 1999, reflects a previous intention to order the marital portion of the pension allocated between the parties, a court speaks only through its journal. See State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117.