DECISION AND JOURNAL ENTRY
Dean Gest and Gest Farms appeal the order of the Lorain County Common Pleas Court, Domestic Relations Division, allocating certain property to plaintiff Rosa Gest as part of the divorce decree. This Court reverses.
 I.
Dean and Rosa Gest were wed on January 10, 1976. In 1993, Rosa filed for divorce, seeking custody of the couple's three minor children, and seeking spousal support, child support, and an equitable division of all marital property. Dean counter-complained for legal separation. The trial court granted Rosa's motion to join Gest Farms as a party, a dairy farm partnership in which Dean and his brother Russell each hold a 50% share.
After trial, the court granted a final decree of divorce and ordered Dean to pay to Rosa cash equal to: (1) one-half of Dean's interest in four parcels of real estate; (2) one-half of Dean's interest in Gest Farms; and (3) one-half of Dean's interest in machinery, equipment, and livestock used in the operation of Gest Farms. The trial court also designated Rosa as residential parent of the three children and ordered Dean: (1) to pay a $727 per month in child support; (2) to provide health insurance for the children; (3) to pay Rosa spousal support in the amount of $600 per month; and (4) to pay Rosa's legal fees in the amount of $15,400. Dean moved for a new trial. The trial court denied the motion.
Dean and Gest Farms appealed to this Court. In Gest v. Gest (Apr. 29, 1998), Lorain App. No. 96CA006580, unreported, this Court reversed in part, and remanded the case so that the trial court could conduct an appropriate valuation of Gest Farms and to consider the mandatory factors of R.C. 3105.171(F) in making its division of marital property.
On remand, the trial court adopted the valuation of Gest Farms set forth by Howard Welty (an expert retained by Rosa) and found the equitable share due to Rosa was $75,331. The trial court also found Rosa entitled to $107,000 for her share of the value of three land parcels titled to Dean and Russell Gest and one titled to Dean and Bernetta (Dean's mother) Gest. To satisfy this latter amount, the trial court ordered that parcels 1, 2, 3, and 5 be liquidated by a court appointed receiver.
Dean Gest appealed, asserting two assignments of error. Gest Farms appealed separately, asserting two assignments of error. By order of this Court, the cases were consolidated for review.
 II.
APPELLANT DEAN GEST'S FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ORDERING THE SALE OF REAL PROPERTY OWNED, IN PART, BY APPELLANT DEAN GEST.
 APPELLANT GEST FARMS' FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ORDERING THE SALE OF REAL PROPERTY OWNED BY APPELLANT DEAN GEST AND THE NON-PARTY RUSSELL GEST.
The foregoing assignments of error are treated together as they raise similar issues of law and fact.
In their first assignments of error, appellants Dean Gest and Gest Farms claim that the trial court erred when it ordered land parcels 1, 2, 3, and 5 owned by the partnership Gest Farms to be liquidated as part of the division of marital property between Dean and Rosa. Specifically, they contend that the trial court failed to adequately consider R.C. 3105.171(F)(5), (6), (7), and (9). This Court agrees.
When granting a divorce a trial court must make an equal division of marital property unless an equal division would be inequitable. Getterv. Getter (1993), 90 Ohio App.3d 1, 6. Reviewing courts are to employ the abuse of discretion standard of review in cases involving the division of marital property. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218-220.
When a trial court allocates marital property, the court must consider all relevant factors set forth in R.C. 3105.171(F), including:
 The economic desirability of retaining intact an asset or an interest in an asset;
 The tax consequences of the property division upon the respective awards to be made to each spouse
 The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property.
* * *
 Any other factor that the court expressly finds to be relevant and equitable.
See, also, Krisher v. Krisher (1992), 82 Ohio App.3d 159, 165 (holding a trial court must consider the desirability of leaving an asset intact);Terry v. Terry (1994), 99 Ohio App.3d 228, 233 (holding a trial court must consider the costs associated with a sale of assets in order to insure an equitable distribution of property); Day v. Day (1988),40 Ohio App.3d 155, 159 (holding where an asset is to be liquidated the tax consequences must be considered).
On remand the trial court issued a new journal entry in an attempt to comply with this Court's previous decision. See Gest, supra. The trial court merely prefaced its allocation of marital assets with a passing citation to the factors in question, bereft of any analysis whatsoever.
This Court concludes that the trial court has failed to adequately apply R.C. 3105.171(F)(5), (6), and (7) to its division of marital property. This Court cannot, and will not, pass upon its obligation of substantive review until the trial court faithfully applies R.C.3105.171(F) and articulates how its rulings are consonant with the factors set forth in R.C. 3105.171(F)(5), (6), and (7). With a still barren journal entry from below, this Court is effectively invited by the appellee to become a panel of diviners guessing at the trial court's undeveloped rationale, and rubber stamping its division of Gest Farms' partnership assets. This Court declines the invitation.
This Court is mindful of the inherent difficulty in allocating marital assets bound up in a myriad of convoluted forms, as in this case. However, in the complex case fealty to R.C. 3105.171(F) is critically important to an equitable distribution of marital property and may not be abdicated.
Lastly, the trial court erred when it ordered the liquidation of land parcels 1, 2, 3, and 5 owned by Gest Farms, a partnership between Dean and Russell Gest. Russell Gest was not a party to Dean and Rosa's divorce proceedings. A partner may only possess partnership property for partnership purposes. R.C. 1775.24. "As a result, in a divorce proceeding a court cannot make an award of specific partnership property."Robinson v. Robinson (Oct. 14, 1994), Lucas App. No. L-94-095, unreported, appeal not allowed (1998), 81 Ohio St.3d 1468. However, the trial court is not without other options in the allocation of partnership property. "It can, nevertheless, determine the value of the partner-spouse's interest in the partnership and award one-half of that interest to the nonpartner-spouse who can then, if necessary, enforce the award by means of a charging lien." Id. By ordering the liquidation of partnership land assets the trial court implicates the rights of non-party Russell Gest, seems to strain the continued economic viability of Gest Farms, and evinces a rigidity in the division of marital property devoted more to halving a whole than rendering what is equitable.
Appellants' first assignments of error are sustained.
APPELLANT DEAN GEST'S SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHAT PORTION OF THE VALUE OF GEST FARMS IS A MARITAL ASSET.
 APPELLANT GEST FARMS' SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHAT PORTION OF THE VALUE OF GEST FARMS IS A MARITAL ASSET.
In appellants' second assignments of error they allege that the trial court erred when it failed to account for the portion of the partnership that was not a marital asset since it predated the marriage between Dean and Rosa. This Court agrees.
The trial court previously concluded, and this Court affirmed, the finding that land parcels 1, 2, 3, 4, and 5 held by Gest Farms were acquired during the marriage, and, therefore, are possibly subject to division as marital property. See Gest, supra.
However, the trial court never determined with precision what portion of the partnership predated Dean and Rosa's marriage, and, therefore, was not to be considered marital property subject to possible division. R.C. 3105.171(B) provides that in divorce proceedings the trial court must determine what is marital property and what is separate property, and make equitable property divisions thereafter. Marital property is defined as "[a]ll real and personal property that is currently owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage[.]" R.C. 3105.171(A)(3)(a)(i). This Court recognizes that the trial court, in adopting Howard Welty's valuation of Gest Farms, made some attempt to segregate marital property from separate property. However, this Court cannot pass on the propriety of the trial court's valuation of Gest Farms as a marital property, until the trial court is clear in its conclusion as to what assets of Gest Farms constitute marital property. Accordingly, the trial court must make such findings and reflect them in its subsequent allocation of marital assets, as the record is incomplete in this regard.
Appellants' second assignment of error is sustained.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BAIRD, P. J., SLABY, J., CONCUR.