OPINION
{¶ 1} Plaintiff-appellant, David A. Chapman ("appellant"), appeals from the judgment entry of divorce issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, on July 18, 2004.
 {¶ 2} Appellant and defendant-appellee, Tamela J. Chapman ("appellee"), were married on September 12, 1992, and have two children born as issue of the marriage. The parties separated in March 2001, and appellant filed for divorce on March 28, 2001. On July 26, 2002, the trial court issued temporary orders granting appellee the right to serve as the residential parent and legal guardian of the minor children. The temporary orders granted appellant parenting time and ordered him to pay temporary child support in the amount of $252.29 per month, per child, plus a two percent processing charge. Additionally, the temporary orders addressed medical insurance and expenses for the minor children, as well as certain marital financial assets and obligations. The final hearing in this matter was held over several days, including May 20, 22, 23, July 15, 23, 29, 30, 31, and August 1, 2003. The parties were given time to submit post-trial briefs to the trial court. The trial court issued its judgment entry decree of divorce on July 18, 2004. This appeal followed.
 {¶ 3} Appellant asserts the following assignments of error:
[1.] The Trial Court Erred And Abused It's Discretion in Calculating the Amount of Child Support to be Paid By Imputing Income to the Appellant, Deducting Unsubstantiated Business Expenses from Appellee's Income and Not Deducting Self Employment Taxes from Appellant's Income. [sic]
[2.] The Trial Court Erred and Abused It's Discretion In It's Determination That Spousal Support Was Not Reasonable And Appropriate To Be Awarded To The Appellant Given The Facts Of This Matter. [sic]
[3.] The Trial Court Erred And Abused It's Discretion When It Provided In The Marital Property Division For Distribution Of Assets Without Consideration Of The Liabilities Involved With The Accompanying Assets. [sic]
[4.] The Trial Court Erred And Abused It's Discretion when it did not award attorney fees to the Appellant in this proceeding. [sic]
 {¶ 4} Appellant is self-employed by Precision Sign Works, Inc. ("Precision"), a sign-manufacturing business solely owned by him. Precision was incorporated in 2000. The trial court determined that appellant's average income since the incorporation of Precision is $18,654 per year.[1] Prior to the incorporation of Precision, appellant was an active co-owner of Color Text, Inc. ("Color Text"), a sign-manufacturing business, which was started in 1984 by appellant and two other partners. In September 2000, the other owners of Color Text voted appellant out of his job. From 1997 through 1999, appellant earned an average yearly income of $47,100 and has in excess of 15 years experience in the sign-manufacturing business. For the purpose of determining child support, the trial court imputed a yearly income to appellant in the amount $47,000.
 {¶ 5} Appellee is self-employed through her own computer-consulting business, Avalon Technology, Inc. ("Avalon"), an S-corporation that was started in 1998. Although her income varies, the trial court established that her income is $180,000 per year for purposes of determining guideline child support.
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred when it imputed income to him for child-support purposes without regard to the factors set forth in R.C. 3119.01(C)(11). Additionally, appellant argues that the trial court erred in deducting unsubstantiated business expenses from appellee's income and in not deducting self-employment taxes from appellant's income.
 {¶ 7} We review child-support matters under an abuse of discretion standard. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v.Booth (1989), 44 Ohio St.3d 142, 144. "An abuse of discretion is more than an error of judgment but instead connotes a decision that is unreasonable, arbitrary, or unconscionable." Berthelot v. Berthelot
(2003), 154 Ohio App.3d 101, 106, citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. "When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." Id., citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Moreover, a trial court has not abused its discretion simply because a reviewing court could maintain a different opinion. McClung v. McClung
(2004), Franklin App. No. 03AP-156, 2004-Ohio-240.
 {¶ 8} R.C. 3119.01 provides that "income," for purposes of determining child support, includes the gross income of the parent and any "potential income" of the parent if the parent is voluntarily unemployed or underemployed. Before income may be imputed to a parent, a court must find that the parent is voluntarily unemployed or underemployed. Whether a parent is voluntarily unemployed or underemployed is a factual determination within the trial court's discretion that will be upheld absent an abuse of discretion. Apps v. Apps, Franklin App. No. 02AP-1072, 2003-Ohio-7154, citing Rock v. Cabral (1993), 67 Ohio St.3d 108.
 {¶ 9} The trial court, finding the testimony of Mr. Michael Neidig, appellant's former partner at Color Text, to be "entirely credible," determined that appellant lost his employment at Color Text "largely through his own acts and/or omissions." (July 18, 2004 Decree, at 14-15.) Based on this and the fact that appellant had previously earned an average yearly income of $47,100 from 1997 to 1999, and because appellant has in excess of 15 years in all facets of the signage business, the trial court found that appellant is voluntarily underemployed. Thus, the trial court imputed an income to appellant in the amount of $47,000.
 {¶ 10} In determining whether to impute income to a voluntarily underemployed parent, a court must consider the factors set forth in R.C. 3119.01(C)(11)(a):
(i) The parent's prior employment experience;
(ii) The parent's education;
(iii) The parent's physical and mental disabilities, if any;
(iv) The availability of employment in the geographic area in which the parent resides;
(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
(vi) The parent's special skills and training;
(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
(viii) The age and special needs of the child for whom child support is being calculated under this section;
(ix) The parent's increased earning capacity because of experience;
(x) Any other relevant factor.
 {¶ 11} "Consideration of the factors set forth in R.C. 3119.01(C)(11) is mandatory." Apps, supra, at ¶ 48. "Failure to consider all of the statutory factors constitutes an abuse of discretion." Dannaher v.Newbold, Franklin App. No. 03AP-155, at ¶ 129, 2004-Ohio-1003.
 {¶ 12} In the case before us, the trial court made an explicit finding that plaintiff is voluntarily underemployed and imputed, for the purposes of arriving at a just child-support obligation, an income of $47,000 per year to appellant. However, the trial court did not explicitly refer to R.C. 3119.01(C)(11) when it imputed income to the appellant, and the judgment entry contains no indication that the trial court considered any of the factors set forth in R.C. 3119.01(C)(11). Because we are unable to determine whether the trial court considered any of the R.C. 3119.01(C)(11) factors, we are compelled to remand the matter to the trial court so that it may apply the appropriate statutory factors to determine whether, and in what amount, to impute income to appellant. Dannaher, supra; Apps,
supra. By remanding, we do not imply that imputing income to appellant may not be warranted, but that to impute income, the trial court must first consider the statutory factors, and set forth its findings in that regard.
 {¶ 13} Additionally, we take this opportunity to point out that while the trial court's judgment entry states that appellant's gross income is imputed at $47,000, the child-support computation worksheet lists appellant's gross income as $45,000. Since the issue of appellant's imputed income is being remanded, we direct the trial court to also address this discrepancy.
 {¶ 14} Appellant also argues in his first assignment of error that the trial court abused its discretion by deducting "unsubstantiated" business expenses from appellee's income. According to the child-support computation worksheet, the trial court deducted $15,000 in ordinary and necessary business expenses from the self-employment income of appellee. After review of the record before us, we find that there was ample evidence before the trial court upon which to base its decision. There was testimony before the trial court regarding Avalon from appellee, as well as her accountant, Carol Fidler. There were numerous exhibits submitted to the trial court, including tax returns for Avalon and appellee, income and expense sheets from Avalon, and a child-support computation worksheet. The figures listed on these documents clearly substantiate an award of $15,000 in ordinary and necessary business expenses with respect to Avalon. The trier of fact is in the best position to determine the credibility of the witnesses, as well as the weight to be afforded to the evidence.
 {¶ 15} Further, appellant does not direct us to any evidence that was before the trial court that would indicate the trial court abused its discretion, nor does appellant dispute the evidence that was submitted. Thus, based on the totality of the record, we do not find that the $15,000 ordinary and necessary business expense deduction is "unsubstantiated," or that the trial court abused its discretion in its derivation of this amount.
 {¶ 16} Additionally in appellant's first assignment of error, appellant argues that the trial court abused its discretion in failing to deduct self-employment taxes from appellant's income. However, based on the evidence before the trial court, or lack thereof, the trial court found that appellant is voluntarily underemployed and imputed an income to him of $47,000 per year. The income imputed to appellant represents the amount of income that appellant has the potential to earn based on the evidence presented to the trial court. His "potential" income may be derived from self-employment or an employer; therefore, there does not appear to be any merit to appellant's argument that the trial court was required to consider self-employment tax. Thus, based on appellant's income as it is currently before us, we do not find that the trial court abused its discretion in not deducting self-employment taxes from appellant's income.
 {¶ 17} For the foregoing reasons we sustain in part appellant's first assignment of error.
 {¶ 18} In his second assignment of error, appellant argues that the trial court abused its discretion in not awarding spousal support to appellant.
 {¶ 19} Pursuant to R.C. 3105.18(C)(1), in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support, the trial court shall consider the following factors:
(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
(c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
(g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
(l) The tax consequences, for each party, of an award of spousal support;
(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
(n) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 20} A trial court has broad discretion to determine the proper amount of spousal support based on the particular facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. Stated alternatively, a trial court's award of spousal support will not be disturbed absent an abuse of discretion. Id. "The trial court is not required to comment on each statutory factor. Rather, the record need only show the court considered them in making its award." McClung,
supra, at ¶ 21. "When a trial court specifically indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered." Id. at ¶ 26, citing Huffmanv. Huffman, Franklin App. No. 01AP-726, 2002-Ohio-2565, at ¶ 35.
 {¶ 21} In its July 18, 2004 decree, the trial court not only specifically states that it considered all the statutory factors, but also the trial court set forth each factor and discussed each factor individually in a four and one-half page analysis. Additionally, the trial court stated that it based its findings on the evidence presented and the testimony elicited at trial. The trial court noted that while appellee has decidedly higher earnings than appellant, appellant has 15 years of experience in all facets of the sign-making business, is fully able to sustain employment, and that appellant's currently low level of income is directly related to his own acts and/or omissions. The trial court also found that appellee has primarily born the financial responsibility of the parties' minor children, and that while the parties established a relatively high standard of living during the marriage, appellant had spending and borrowing habits that led the court to conclude that the parties actually retained a "more modest lifestyle." (July 18, 2004 Decree, at 19.) The trial court was in the best position to determine the parties' credibility and to determine the relative weight to be accorded to the evidence. Therefore, considering the totality of the circumstances, we cannot find, as was argued by appellant, that the trial court's analysis is lacking or that the trial court abused its discretion in denying appellant's request for spousal support.
 {¶ 22} However, the first factor considered by the trial court concerns appellant's imputed income. Because we have issued a limited remand with respect to appellant's first assignment of error regarding the income imputed to appellant, we remand this issue to the trial court simply because a change in appellant's imputed income may affect the trial court's determination with respect to the issue of spousal support. Accordingly, we remand the second assignment of error to the trial court for review.
 {¶ 23} In his third assignment of error, appellant argues that the trial court abused its discretion in dividing the assets and liabilities of the parties. Specifically, appellant focuses on two pieces of real estate: the Cutler Drive property and the Joyce Avenue property.
 {¶ 24} The Cutler Drive property was owned by appellee prior to the marriage, and appellant owned the Joyce Avenue property prior to the marriage. The trial court found that the marital equity accrued on the Cutler Drive property is $14,000 and the marital equity accrued on the Joyce Avenue property is $9,000.
 {¶ 25} Again we review the trial court's decision under an abuse of discretion standard. A trial court is vested with broad discretion when fashioning its division of marital property. Bisker v. Bisker (1994),69 Ohio St.3d 608.
 {¶ 26} Appellant states that "Appellant, Appellee, and this court are left to wonder how the trial court reached its Decision." (Mar. 22, 2005 Reply Brief, at 8.) However, we do not find appellant's position well-taken. The trial court stated that its findings regarding the marital equity of the properties were based on the parties' testimony. The parties testified as to the purchase price of the properties, the remaining balance of the mortgage, the amount of repairs and improvements made to the properties, as well as the condition of the properties. Additionally, there was documentary evidence submitted relating to the past and present values of these properties. As stated previously, the trial court, as the trier of fact, is in the best position to judge the credibility of the witness and determine the weight to be given to such evidence. The trial court is free to accept one portion of a witness's testimony while rejecting others. Based on the totality of the record, the trial court had ample evidence before it upon which to base its decision. Considering the totality of the evidence, we cannot find that the trial court abused its discretion when dividing the assets of the parties. Accordingly, we overrule appellant's third assignment of error.
 {¶ 27} In his fourth assignment of error, appellant argues that the trial court abused its discretion in denying appellant's request for attorney fees in this matter.
 {¶ 28} Pursuant to R.C. 3105.18(H), the trial court has the authority to award reasonable attorney fees in divorce cases to either party. In order to award attorney fees under R.C. 3105.18(H), a trial court must determine that the attorney fees are reasonable, the payor has the ability to pay the attorney fees, and the other party will be prevented from fully litigating his or her rights and adequately protecting his or her interests if attorney fees are not awarded. Gerlach v. Gerlach,
Franklin App. No. 03AP-22, 2004-Ohio-1607. This determination "should take into consideration * * * the earning abilities of the parties and the relative assets and liabilities of each." Birath v. Birath (1988),53 Ohio App.3d 31, 39. In general, it is within the sound discretion of the trial court to award attorney fees in a divorce action. Trott v.Trott, Franklin App. No. 01AP-852, 2002-Ohio-1077, at ¶ 10 citing Randv. Rand (1985), 18 Ohio St.3d 356, 359; see, also, Birath, supra.
 {¶ 29} The trial court specifically found that appellant failed to proffer sufficient testimony to support the reasonableness of his incurred attorney fees. Additionally, the trial court stated:
Finally, and perhaps most importantly, the Court is completely unpersuaded that, without ordering Defendant to pay his attorney fees, Plaintiff would be prevented from fully litigating his rights and adequately prosecuting his interests. In fact, there has been extensive
(and, at times, seemingly vexatious) litigation in these proceedings as evidenced by the nine days of trial and the need for post-trial briefs. Most of said litigation was initiated and/or necessitated by Plaintiff's own action or inaction! This is particularly true with respect to the number and duration of pre-trial motion hearings caused by Plaintiff's unreasonable and vehement refusal to acquiesce in the sale of the Fontanelle Road property in the early stages of these proceedings, a sale which was ultimately stipulated at final hearing as wholly necessary to satisfy the parties' oppressive tax burdens.
The Court finds that the required elements necessary to order Defendant to reimburse Plaintiff for his attorney's fees are so woefully absent that it would be unfathomably unjust to award Plaintiff any amount as attorney fees. It is therefore ORDERED that each party shall pay their respective attorney's fees and hold the other harmless on the same. The Court further ORDERS that Plaintiff shall pay and hold Defendant harmless for all outstanding court costs.
July 18, 2004 Decree, at 27. (Emphasis sic.)
 {¶ 30} Upon review of the totality of the record, we find that the trial court did not abuse its discretion in denying appellant the requested attorney fees. Appellant has not argued that he was in any way impeded from being adequately represented in this matter due to a lack of funds for which to pay attorney fees. Rather, he argues that he was entitled to fees because of the disparity in income between the parties. However, appellant has not demonstrated error in the trial court's refusal to award attorney fees. See Poindexter v. Poindexter (2000), Franklin App. No. 98AP-1150. Additionally, even a cursory review of the record reveals that this matter was extensively litigated and appellant was the subject of multiple motions for contempt and to compel discovery, which supports the trial court's determination that much of the litigation was necessitated by appellant's own action or inaction. Accordingly, we overrule appellant's fourth assignment of error.
 {¶ 31} For the foregoing reasons, we sustain in part and overrule in part appellant's first and second assignments of error, and overrule appellant's third and fourth assignments of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law, and consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
Petree and McCormac, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The trial court's determination of appellant's income at Precision was based solely on appellant's testimony. The trial court stated, "[s]ince plaintiff admits he has not filed any tax returns for any tax year since 2000, the Court has relied on his testimony as to his yearly income since the incorporation of Precision Sign Works." (July 18, 2004 Decree, at 13.)