[Cite as *Duran Lopez v. Lopez Huerta*, 2025-Ohio-5741.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Yasmin Duran Lopez, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-275 |
| v. | : | (C.P.C. No. 22DR-3784) |
| Enrique Lopez Huerta, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 23, 2025

**On brief:** *Jay G. Perez*, for appellant.

**On brief:** *Delilah Nuñez*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, J.

{¶ 1} Plaintiff-appellant, Yasmin Duran Lopez ("Yasmin"), appeals the February 25, 2025 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we reverse in part and affirm in part the trial court's judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Yasmin and defendant-appellee, Enrique Lopez Huerta ("Enrique"), were married on November 18, 2004 in Mexico, and four children[1] were born out of the marriage. On November 26, 2022, Yasmin filed a complaint for divorce, alleging that she and Enrique had lived separate and apart and that the parties were incompatible.

{¶ 3} On February 7, 2023, Enrique filed an answer to Yasmin's complaint and a counterclaim for divorce. On March 1, 2023, Enrique filed several exhibits and alleged that

---

[1] At the time the couple divorced, only three of the children were still minors.

Yasmin had forged his signature on a series of checks and deposited those checks into a separate account. Enrique's exhibits included an amended affidavit of basic information, income, and expenses, which listed real estate taxes paid on the couple's home, held in Yasmin's name, and Enrique's income as proprietor of a construction business, Hilliard Construction Framing LLC ("Hilliard Construction"). Enrique further submitted an affidavit of temporary orders, seeking exclusive use of the marital residence and providing evidence regarding orders for temporary child support and temporary spousal support. Enrique's affidavit stated that, as a subcontractor, he earned about $38,500 per year and that, while Yasmin was a stay-at-home parent for the duration of their marriage, she was able to secure employment outside the home. Enrique stated that the marital residence was the couple's only asset, that the residence was paid in full, and that it had a fair market value of $200,000. Enrique further averred that the couple had no marital debts or liabilities.

{¶ 4} On December 10, 2024, the trial court set a trial date for February 24 and 25, 2025. The trial court sent a hearing notice to all the parties, including to Yasmin at an address of 1730 Brandons Run in Reynoldsburg, Ohio. On December 13, 2024, the notice addressed to Yasmin was stamped "return to sender" and indicated the addressee was "temporarily away." (Dec. 13, 2024 Trial Notice Returned.)

{¶ 5} On January 10, 2025, Enrique submitted a pretrial statement, in which he again alleged that Yasmin had engaged in fraud and misappropriation of marital funds and had been stealing and hiding funds associated with Hilliard Construction. He also asserted that, in a deposition taken on June 23, 2023, Yasmin lied under oath about her bank assets.

{¶ 6} On January 14, 2025, Yasmin's attorney submitted a motion to withdraw as counsel, stating that she had been discharged and that Yasmin had failed to remain in communication with counsel, had failed to abide by contractual agreements, and had not actively assisted counsel in the case. The motion also stated that counsel had notified Yasmin of the trial date set for February 24 and 25, 2025.

{¶ 7} On January 22, 2025, the trial court granted Yasmin's counsel's request to withdraw from representation and found "that Counsel has previously notified Plaintiff Yasmin Duran Lopez of the pending court dates of the Final Trial Date of February 24-25,

2025, . . . by forwarding notice of the hearing, at the client's last known address[.]" (Emphasis deleted.) (Jan. 22, 2025 Entry Granting Leave to Withdraw.)

{¶ 8} On February 24 and 25, 2025, Yasmin did not appear for trial. On February 25, after Yasmin failed to appear, the trial court dismissed Yasmin's complaint and proceeded to consider Enrique's counterclaim for divorce.

{¶ 9} On February 25, 2025, the trial court entered a judgment decree of divorce. The trial court awarded Enrique the marital home on Jeannette Road in Hilliard, Ohio, a Honda Civic, and all other vehicles that were titled in his name. Of the couple's three minor children, Yasmin was named sole legal custodian of the couple's two youngest children, and Enrique was named sole legal custodian of the couple's second oldest child. The trial court stated that both parties shall retain all financial accounts in their individual names. The trial court did not assign a value to or discuss Hilliard Construction in its decision and did not order spousal support or child support.

{¶ 10} On March 19, 2025, Yasmin filed this appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Yasmin argues the following six assignments of error on appeal.

> [1.] The trial court erred and abused its discretion when continuing with a final hearing when the pro se party was not properly served with notice of hearing.
>
> [2.] The trial court erred and abused its discretion by failing to make a fair and equitable division of marital assets.
>
> [3.] The trial court erred by failing to require the full disclosure of defendant, violating their own case management order and thereby allowing defendant to cover up his financial misappropriation.
>
> [4.] The trial court erred by failing to assign any value to defendant's business.
>
> [5.] The trial court erred by failing to order spousal support.
>
> [6.] The trial court erred by failing to order defendant to pay child support.

(Cleaned up.)

## III. ANALYSIS

### A. Assignment of Error No. 1

{¶ 12} In Yasmin's first assignment of error, she argues that the trial court erred by proceeding with the trial, as she did not receive notice of the February 24 and 25, 2025 trial date. In her brief, Yasmin states that the court sent notice to an old address and attaches to her appellate brief a change of address form from the United States Postal Service, showing a new address in Reynoldsburg, effective July 25, 2024. Yasmin directs us to *Shell v. Higgins*, 2017-Ohio-8186, ¶ 12 (2nd Dist.), which cited this court's decision in *Hightower v. Hightower*, 2002-Ohio-5488, ¶ 16 (10th Dist.), holding that a trial court commits reversible error when it proceeds without ensuring that proper service has been made.

{¶ 13} Civ.R. 75(L) states:

> In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's *last known address*, and shall be mailed at least seven days prior to the commencement of trial.

(Emphasis added.)

{¶ 14} The Supreme Court of Ohio has noted that "a 'party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of gleaning the record to ensure that a party's mailing address has not changed.' " *State ex rel. Halder v. Fuerst*, 2008-Ohio-1968, ¶ 6, quoting *Robb v. Smallwood,* 2005-Ohio-5863, ¶ 11 (4th Dist.). Here, the burden was on Yasmin to notify the trial court of her change of address. Our examination of the record does not indicate that Yasmin met this burden, and the trial court properly served her notice of the trial date to her last known address.

{¶ 15} While Yasmin directs us to a change of address form, this form was not before the trial court and, therefore, not properly part of the appellate record before us now. App.R. 9(A)(1) defines the record on appeal as the "original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." Loc.R. 9.1 of this court states: "The court of appeals does not accept new evidence on appeal that is offered to expand upon the record of evidence heard by the trial court, or otherwise offered to support or rebut the adjudicative facts determined by the trial court." Therefore,

as the change of address form was not before the trial court and is not part of the record before us now, it is beyond our consideration. Accordingly, we overrule Yasmin's first assignment of error.

### B. Assignment of Error Nos. 2, 3, 5, and 6

{¶ 16} For ease of discussion, we next consider Yasmin's second, third, fifth, and sixth assignments of error in tandem and overrule all four assignments of error.

{¶ 17} In these assignments of error, respectively, Yasmin argues that the trial court abused its discretion by failing to make a fair and equitable division of marital assets, by not holding Enrique to fully comply with financial disclosure obligations, thereby covering up what Yasmin alleges are his financial misappropriations, and by failing to order spousal support and child support.

{¶ 18} We will affirm a trial court's valuation and division of marital property absent an abuse of discretion. *Kowalkowski-Tippett v. Tippett*, 2021-Ohio-4220, ¶ 34 (10th Dist.), citing *Hood v. Hood*, 2010-Ohio-3618, ¶ 13 (10th Dist.). A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). " 'Conversely, there is no abuse of discretion where there is some competent, credible evidence supporting the trial court's decision.' " *Kowalkowski-Tippett* at ¶ 34, quoting *Smoyer v. Smoyer*, 2019-Ohio-3461, ¶ 24 (10th Dist.). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Id.*, citing *Blakemore* at 219.

{¶ 19} Each spouse is entitled to an equal division of the marital property unless the trial court finds an equal division would be inequitable, in which case the trial court must divide the marital property to produce an equitable result after considering the relevant statutory factors. R.C. 3105.171(C)(1). Thus, "the starting point for a trial court's analysis is an equal division of marital assets." *Neville v. Neville*, 2003-Ohio-3624, ¶ 5, citing R.C. 3105.171(C) and *Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981). In any case, R.C. 3105.171(C)(1) instructs, "In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." "The facts and circumstances of each case dictate what is an equitable division of marital property." *Apps v. Apps*, 2003-Ohio-7154, ¶ 37 (10th Dist.).

{¶ 20} However, Enrique argues that Yasmin's arguments should have been made at the trial court and were thus waived when she failed to appear for the final hearing. He directs this court to *Gordon v. Gordon*, 2009-Ohio-177, ¶ 18, quoting *Sims v. Sims*, 2000 Ohio App. LEXIS 70, *11 (Jan. 13, 2000 8th Dist.), which states that " 'It is well established that where a party fails to appear at the final hearing and present evidence concerning the parties' assets and liabilities, the absent party may not then raise issues on appeal concerning the weight of the evidence regarding the assets and liabilities at issue," citing *Ankrom v. Ankrom*, 30 Ohio App.3d 47; *Donovan v. Donovan*, 110 Ohio App.3d 615; *English v. English*, 1997 Ohio App. LEXIS 5618 (Dec. 10, 1997 4th Dist.).

{¶ 21} We agree. The questions of equitable division of marital assets, financial disclosures, child support, and spousal support were all issues that Yasmin could have raised at the trial court's final hearing. As we have noted, Yasmin was properly served notice of the final hearing, and the opportunity to address these issues was at the final hearing, not now on appeal. Accordingly, we overrule Yasmin's second, third, fifth, and sixth assignments of error.

## C. Assignment of Error No. 4

{¶ 22} In her fourth assignment of error, Yasmin argues that the trial court abused its discretion when it did not value the Hilliard Construction business.

{¶ 23} "As a general rule, a trial court's failure to value the marital property constitutes an abuse of discretion." *Beagle v. Beagle*, 2008-Ohio-764, ¶ 41 (10th Dist.), citing *Hightower*, 2002-Ohio-5488, at ¶ 22 (10th Dist.). To determine an appropriate division, the trial court *must value* the marital property. *See Raymond v. Raymond*, 2011-Ohio-6173, ¶ 22 (10th Dist.). "R.C. 3105.171 expresses no specific way for the trial court to determine valuation." *Banchefsky v. Banchefsky*, 2010-Ohio-4267, ¶ 43 (10th Dist.), citing *Focke v. Focke*, 83 Ohio App.3d 552, 554 (2d Dist. 1992). Furthermore, " 'Ohio courts have not specified that only one method of valuation is appropriate when dividing marital property.' " *Kuper v. Halbach*, 2010-Ohio-3020, ¶ 12 (10th Dist.), quoting *Herrmann v. Herrmann*, 2000 Ohio App. LEXIS 5146, *14 (Nov. 6, 2000 12th Dist.). Accordingly, "[w]hen determining the value of marital assets, a trial court is not confined to the use of a particular valuation method, but can make its own determination as to valuation based on

the evidence presented." *Day v. Day*, 2009-Ohio-638, ¶ 10 (10th Dist.), citing *James v. James*, 101 Ohio App.3d 668, 681 (2d Dist. 1995). *See also Smoyer* at ¶ 40.

{¶ 24} " 'Although a trial court enjoys broad discretion in determining the value of a marital asset, such discretion is not without limit.' " *Fernando v. Fernando,* 2017-Ohio-9323, ¶ 26 (10th Dist.), quoting *Apps*, 2003-Ohio-7154, at ¶ 38 (10th Dist.). "A trial court's assignment of an asset's value must be based upon competent, credible evidence," meaning "evidence that is both competent, credible evidence of value and a rational basis upon which to establish the value." *Warren v. Warren*, 2009-Ohio-6567, ¶ 15 (10th Dist.). That is to say, " '[a] trial court must have a rational evidentiary basis for assigning value to marital property.' " *Fernando* at ¶ 26, quoting *Apps* at ¶ 38. *See also Dach v. Homewood*, 2015-Ohio-4191, ¶ 36 (10th Dist.).

{¶ 25} Although the trial court has broad discretion to determine the value of marital property, the court " 'is not privileged to omit valuation altogether.' " *Casper v. DeFrancisco*, 2002-Ohio-623, ¶ 15 (10th Dist.)*,* quoting *Willis v. Willis*, 19 Ohio App.3d 45, 48 (1984). " 'A party's failure to put on any evidence does not permit assigning an unknown as value. The court itself should instruct the parties to submit evidence on the matter.' " *Richardson v. Richardson*, 2002-Ohio-4390, ¶ 45 (10th Dist.), quoting *Willis* at 48.

{¶ 26} Enrique argues that the trial court did not err in its valuation of Hilliard Construction, and that the evidence before the trial court supported a zero valuation. Enrique directs us to his affidavit wherein he stated:

> [In 2022,] I incorporated a business by the name of "Hilliard Construction and Framing." Last year I made $38,573.00. . . . In years prior I earned about $35,000 a year. When Yasmin left the house, she took with her all of my business documents. She also forged and cashed 36 checks totaling over $70,000 shortly after I had removed her as a signatory to the business account. There is a pending investigation as to her actions. As a result of her misappropriation of company funds, my business has taken a major financial blow. The company's future is grim and these misappropriated funds were monies reserved to pay out other contractors.

(Mar. 1, 2023 Def. Enrique Lopez Huerta's Aff. Regarding Temporary Orders at 2-3.)

{¶ 27} While Enrique's affidavit could support the trial court's valuation of the business at zero, we find no such determination in the trial court's decision and its findings

of fact.  The trial court failed to assign *any valuation* to the business and is silent on its ultimate value.  We find the failure to assign any valuation to the business to be an abuse of discretion.

{¶ 28} The Hilliard Construction business was the sole source of income for the family, and tax documents in the record indicate that its gross income was $919,203 in 2022.  (Mar. 1, 2023 Ex. B at 7, Schedule C Form 1040 Profit or Loss From Business.)  As a presumed marital asset, the business must be assessed for its value and the failure to do so is an abuse of discretion.  We also note that this assignment of error is not waived by Yasmin's failure to appear at the final hearing.  Regardless of Yasmin's attendance, the trial court was required to value the marital assets and could not omit valuation altogether.  Thus, we reverse to the trial court for further proceedings so that the court may determine the value of the marital business, Hilliard Construction.

{¶ 29} While there is currently negligible evidence upon which the trial court might determine the value of Hilliard Construction, that does not permit the trial court to omit a valuation altogether.  As we noted above, the trial court may instruct the parties to submit evidence on the business's value to aid in its determination.  Accordingly, we sustain Yasmin's fourth assignment of error, reverse the trial court's judgment, and remand to that court to determine Hilliard Construction's valuation in order to make an equitable division of marital assets.

## IV.  CONCLUSION

{¶ 30} As stated above, we overrule Yasmin's first, second, third, fifth, and sixth assignments of error and sustain her fourth assignment of error.  Having sustained Yasmin's fourth assignment of error, we remand this matter to the trial court for further proceedings consistent with this decision and the law.

*Judgment reversed in part and affirmed in part*;
*cause remanded.*

JAMISON, P.J., and EDELSTEIN, J., concur.

————————————